Lyman v. Todd.

---

## MARY O. LYMAN v. CHARLES TODD.

FORCIBLE ENTRY AND DETAINER — *Action, Dismissed* — *Error.* Where an action of forcible entry and detention is certified to the district court upon the claim that the title to land is in dispute, it is error for the district court to summarily determine the controversy, and dismiss the action on a motion, because the title to the premises in controversy is still in the government.

### *Error from Ford District Court.*

ACTION brought by plaintiff in error in justice's court, in Ford county, to recover possession of a certain tract of land. The defendant raised the question of the jurisdiction of the court, and finally the justice certified the cause to the district court upon the ground that the title was in dispute. At the November term, 1887, the defendant filed a motion to dismiss the action for the reasons —

"First, that the court has no jurisdiction of the action, or of the subject-matter thereof; second, that the plaintiff's pretended right and title to said premises sought to be recovered in this action has entirely failed, and been canceled and held void by the United States, on the worthlessness of said title and the fault of said plaintiff; that said premises for the recovery of which this action is brought are United States gov-

ernment lands, exclusively in the jurisdiction of the United States land office and department."

In support of this motion affidavits were offered by defendant, and letters from the land office, which affidavits and letters were objected to by the plaintiff. The objection was overruled, the motion sustained, and the action dismissed. The plaintiff complains of this judgment, and brings the case here.

*Frankey & McGarry,* for plaintiff in error.
*M. W. Sutton, D. R. Widmer,* and *L. K. Soper,* for defendant in error.

Opinion by CLOGSTON, C.: Plaintiff in error presents a number of questions, but, as the question of practice and the right of the court to dismiss the action will dispose of the case, we will not examine the other questions raised. This action, being for the possession of certain premises under the forcible-entry-and-detainer act, was one in which nothing could be determined save and except the right of possession. This right of possession does not necessarily depend upon title, nor does it necessarily involve the question of title, but is one of possession only. The affidavits presented by the defendant tended to show that the plaintiff's title to the premises had been canceled, or that the title was in dispute and held by the government; and upon this showing the court held that it had no jurisdiction to try the action. In this we think the court was in error. This action could be maintained, even though the government still held the title. The right as between the two settlers for the possession of the land might properly be determined in that action, and the question of title to the land afterward determined by proper proceedings in the land department of the government. The court by its decision on this motion was determining the merits of the action and the right of possession in a summary manner on a pretended claim of question of jurisdiction. This cannot be done. The plaintiff under his proceedings had a right to a trial by

the court or by a jury, and to submit in such proceeding his evidence of right of possession, and if his right was paramount to that of the defendant, he was entitled to a judgment.

It is therefore recommended that the judgment of the court below be reversed, and the cause remanded for a new trial.

By the Court: It is so ordered.

All the Justices concurring.